Dear Chief Prince:
This office is in receipt of your request for an opinion of the Attorney General in regard to access and use of police department property by the Chief of Police. We have been informed that the position of Chief of Police is elected. You ask the following questions:
 1. Can the Mayor lock the town hall preventing access by the Chief of police to his office except during regular business hours, unless he has the town clerk or the clerk's assistant come and let him in although they live in another town?
 2. There are two patrol cars in the Village of Baskin's name with one available to the one officer on duty, and you ask if you can keep the other car with you at home inasmuch as you are on 24 hour call?
 3. You ask is you have to comply with the Mayor's request that your officers make copies of all citations they write and turn them into the town clerk before you have a chance to look them over?
In accordance with R.S. 33:404 the Mayor in a Lawrason Act community shall "supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a policedepartment with an elected chief of police". (Emphasis added.) Pursuant to this provision and the court's decision in Cogswell v. Town ofLogansport, 321 So.2d 774 (La. App 1975), this office has opined that the Mayor has no supervisory authority over the operation of the Chief of Police. We have repeatedly observed that the Chief of Police has the inherent power or authority to supervise and direct the administration and day to day operations of the police department and assign its personnel and equipment, and the mayor may not revoke the "inherent powers" of an elected Chief of Police.
In response to your first question as to the authority of the Mayor to lock the town hall thereby preventing you access to your office after regular business hours, we would conclude this interferes with your inherent powers to supervise and control your office and equipment on a day-to-day basis. While the Mayor has the authority to close municipal property to the public and offices under his supervision, this cannot extend to the office of an elected chief of police.
In regard to your question if you can keep a patrol car with you at home, it is pertinent that this office noted in Atty. Gen. Op. 99-27 that it has issued a number of opinions recognizing the inherent authority of the chief of police to control city police vehicles and to assign a vehicle to himself for around the clock use in conjunction with his 24-hour duty hours. Moreover, it was concluded, "We are of the opinion that this authority of the chief of police extends likewise to assigning vehicles to other police personnel for use in conjunction with their 24-hour on call status". This was reaffirmed in Atty. Gen. Op.00-504 and in Atty. Gen. Op. 00-398. Despite that this is municipal property, and subject to the statutory authority exercisable by the Mayor and Board of Aldermen, it was noted that an ordinance would infringe upon the Chief of Police's authority if there are other members of the police force who would be on "call" and are authorized by the Chief of Police to travel to and from work in an assigned police vehicle to accommodate their on "call" status.
Because of the elected Chief of Police's inherent power to supervise and direct the administration and day to day operations of the police department, we do not find the Mayor can require your officers to make copies of citations they write and have them turned into the town clerk before you have seen them. This obviously infringes upon your authority. While the Mayor may request to see copies of citations, he cannot demand a procedure which is inconsistent with the manner in which you proceed in handling the citations issued by your department.
We hope this sufficiently answers your inquiries.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr